09-1650-cr
United States v. Cook

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
               RALPH K. WINTER,
               JOHN M. WALKER, JR.,
                              **Circuit Judges**.


- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          **Appellee**,

          **-v.-**                                    09-1650-cr

SCOTT MICHAEL COOK,
          **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:      CHRISTOPHER S. CIACCIO,
                              Rochester, New York.

APPEARING FOR APPELLEE:       TIFFANY H. LEE, United States
                              Attorney's Office for the
                              Western District of New York,

1

Rochester, New York, *for* Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Scott Cook was convicted of producing and possessing child pornography. He appeals his conviction and his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Cook first argues that his trial counsel's motion for withdrawal should have been granted either because of an ongoing fee dispute or, alternatively, because of a perceived threat that Cook's lawyer might have had to testify at trial. Reviewing this claim <u>de novo</u>, <u>United States v. Feyrer</u>, 333 F.3d 110, 115 (2d Cir. 2003), we find no error. As to the fee dispute, withdrawal is generally not warranted on that basis, <u>see</u> <u>United States v. O'Neil</u>, 118 F.3d 65, 71 (2d Cir. 1997); instead, if a lawyer's performance suffers on account of a fee dispute, the appropriate remedy is to invoke ineffective assistance of counsel, <u>see</u> <u>Tueros v. Greiner</u>, 343 F.3d 587, 594 (2d Cir. 2003). As to whether withdrawal was warranted by a risk that counsel would be required to testify, there was no such risk: The statement at issue was inadmissible hearsay, the government's offered stipulation would have mooted any need for the testimony, and the victim (whose statement ambiguously presented the issue) intended to testify in a way that would have fully negated any need for the lawyer's testimony.

**[2]** Cook next argues that the district court erroneously admitted into evidence certain photographs and testimony showing that Cook engaged in sexual contact with Ashley, sometimes after giving her alcohol. Our review is for abuse of discretion, <u>United States v. Wexler</u>, 522 F.3d 194, 201-02 (2d Cir. 2008), and "reversal is warranted only if an error affects a substantial right--that is, if the error had a

substantial and injurious effect or influence on the jury's verdict," United States v. Rigas, 490 F.3d 208, 222 (2d Cir. 2007) (internal quotation marks and citations omitted). Here, any error did not affect Cook's substantial rights, because a lot of other inculpatory evidence was introduced at trial. Specifically, Cook twice admitted to taking sexually explicit photographs of Ashley; Ashley testified that Cook took naked pictures of her; and several sexually explicit photographs of Ashley were seized from Cook's computer. Vacatur is therefore unwarranted, regardless of whether the district court erred in admitting the challenged evidence.

**[3]** Cook argues that his sentence was [i] procedurally unreasonable because two sentencing enhancements were improperly applied, and [ii] substantively unreasonable because it was unduly harsh. We review the district court's factual findings for clear error and legal conclusions de novo. United States v. Lewis, 386 F.3d 475, 479 (2d Cir. 2004).

Cook's sentence was procedurally reasonable. The imposition of the four-level enhancement provided for in § 2G2.1(b)(2)(B) of the Sentencing Guidelines was supported by evidence that Cook committed a sexual act on Ashley, and Cook does not argue that the other prerequisite of the Guideline was not satisfied. Similarly, the five-level enhancement pursuant to § 2G2.2(b)(5) was supported by the evidence adduced at trial showing that Cook touched Ashley in sexually explicit ways on multiple occasions.

Cook's argument as to the substantive reasonableness of his sentence, which consists only of the assertion that the sentence imposed was "unduly harsh and severe," is considered forfeited. Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001).

Finding no merit in Cook's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK